IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ROCKY JAY ROBERT REYNOLDS,** | ) | Civil Action No. 7:19-cv-00219 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **CAPTAIN TRISH MCCOY,** *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Rocky Jay Robert Reynolds, a Virginia inmate proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983, initially naming only the Southwest Virginia Regional Jail Authority as a defendant. The case was conditionally filed, but the court noted that the complaint failed to state a claim against the sole defendant and directed that Reynolds file an amended complaint. (Dkt. No. 9.)

Reynolds filed an amended complaint naming sixteen individual defendants (Dkt. No. 10.) That amended complaint was again conditionally filed, and another order was entered notifying Reynolds that his complaint failed to state a claim against many of the defendants he named, generally referring to "they" as having taken actions against him, but only identifying some specific actions by a few of the defendants. That order also advised him that his amended complaint appeared to misjoin defendants, "lump[ing] together numerous types of claims based on different types of incidents that occurred on different dates." (*Id.* at 2.) To remedy these deficiencies, Reynolds was directed to file a second amended complaint. (*Id.* at 2–3.) The order advised him that his second amended complaint must name "every person he intends to bring this action against and specifically describe[e] how each person violated his federal rights." (*Id.* at 2.) He was further advised that the second amended complaint must be a new pleading, standing by itself without reference to any earlier-filed complaint. (*Id.*)

Reynolds then filed his second amended complaint, which is now before the court for review pursuant to 28 U.S.C. § 1915A(b). For the reasons discussed herein, I conclude that the second amended complaint fails to state a claim for which relief can be granted. It therefore must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1).

## I.   BACKGROUND

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it, for example, is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Aside from the identification of nine defendant in the style of the case, the only allegations in Reynolds' second amended complaint are listed in support of two claims. The only supporting facts for Claim 1 are as follows:

> My constitutional rights were violated, #8 cruel and unusual punishments inflicted and #5 and #14 were violated. I was denied phone calls, toilet paper, soap, and my food was being messed with on my trays. I was in cell with a non-working toilet for days, got sick, passed out, and lost 50 pounds in 35 days.

(2d Am. Compl at 2 (spelling/grammar errors corrected and edited for clarity).)[1]

---

[1] I presume that the numbers refer to amendments to the U.S. Constitution.

2

>The facts supporting Claim 2 are:
>
>>I was denied phone calls to Pops before he passed away. I was given 1-hour outside recreation in the gym by myself, and they made me walk in circles in full body restraints, after I wrote requests and grievances about handcuffs and shackles scarring my hands and feet.

(*Id.* at 2 (spelling/grammar errors corrected and edited for clarity). For relief, Reynolds asks for $2.5 million and the "jobs of those responsible." (*Id.*)

## II.   DISCUSSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

Despite two prior orders informing Reynolds of these requirements and directing him to identify the specific actions of specific defendants to state a claim under Section 1983, his second amended complaint fails to name any action by any particular person or defendant. While it is possible that some of his factual allegations could potentially state a claim, especially if they were supported with additional factual detail, they nonetheless fail to state a

3

claim in their current form against any defendant. Thus, his second amended complaint must be dismissed for failure to state a claim.

## III.  CONCLUSION

For the foregoing reasons, I will summarily dismiss this action without prejudice under § 1915A(b)(1), for failure to state a claim.  Because Reynolds has already been given multiple opportunities to amend his complaint to attempt to state a claim, and informed repeatedly about how to do so, I will not grant Reynolds leave to amend to file a third amended complaint.

Nothing in this opinion, however, precludes Reynolds from refiling his claims in a new and separate civil action if he can correct the deficiencies described in this opinion, assuming he has exhausted his remedies in accordance with 42 U.S.C. § 1997e, and subject to the applicable statute of limitations.

An appropriate order will be entered.

**ENTER**: This  16th day of July, 2020.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE